**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DANIEL CROCHET**                                              **CIVIL ACTION**

**VERSUS**                                                            **NO.  13-3106**

**JERRY GOODWIN, WARDEN**                             **SECTION "B"(5)**

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).  For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.[1]

### I.      *Procedural and Factual History*

Petitioner, Daniel Crochet, is a state prisoner incarcerated in the David Wade Correctional Center, in Homer, Louisiana.  On September 14, 2007, Crochet was charged by bill

---

[1]  Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, or that the claim relies on a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

of information with aggravated burglary pursuant to Louisiana Revised Statute 14:60.[2]

Crochet pleaded not guilty on September 17, 2007.[3]  Crochet subsequently withdrew his plea

of not guilty and entered a plea of guilty to the aggravated burglary charge on January 28,

2008.[4]  The prosecutor gave the following note of evidence at the time of the guilty plea:

> With respect to Mr. Crochet, on September 6th, 2007, he entered 595
> Brookmeade Drive, a home belonging to Raymond Liss. And the Bill of
> Information had previously listed Philip Trupiano as the owner, so I'm going to
> change that on the Bill. And he armed himself with a weapon while he was
> inside. He was apprehended inside the residence.[5]

The trial court sentenced Crochet to 15 years imprisonment at hard labor with credit for time

served, to run concurrent with all sentences being served.  On the same date, the State filed a

multiple offender bill of information charging Crochet as a second felony offender.  Upon

Crochet's plea of guilty to the multiple offender bill, the trial court vacated the previous

sentence and imposed a sentence of 15 years imprisonment at hard labor with credit for time

served, to run concurrent with all sentences being served.[6]

---

[2]  State Rec., Vol. 3 of 4, Bill of Information, Twenty-Fourth Judicial District Court for the
Parish of Jefferson; Rec. Doc. No. 1, Exhibit 5.

[3]*Id*., Minute entry dated 9/17/07.

[4]  *Id*., Waiver of Constitutional Rights Plea of Guilty entered 1/28/08; Rec. Doc. No. 6.

[5]  *Id*., Transcript of Guilty Plea and Sentencing held 1/28/08, p. 91.

[6]  *Id*., Waiver of Rights-Plea of Guilty Multiple Offender - La. R.S. 15:529.1 entered
1/28/08 (Rec. Doc. No. 1, Exhibit 7); Minutes of hearing 1/28/08 (Rec. Doc. No. 1, Exhibit 8);
see also Transcript of Plea and Sentencing, pp. 16-18 (Rec. Doc. No. 1., Exhibit 9).  The
transcript reflects that two defendants, Daniel Crochet and Arthur Lopez, appeared before the

Crochet appealed to the Louisiana Fifth Circuit Court of Appeal.  His counsel filed an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and sought to withdraw as counsel of record.[7]  Crochet filed a *pro se* supplemental brief, asserting two claims:  (1) ineffective assistance of trial counsel for failing to adequately explain the case to him, failing to adequately prepare for trial, and allowing him to plead guilty to aggravated burglary instead of simple burglary of an inhabited dwelling; and (2) excessive sentence.[8]  On February 15, 2011, the court of appeal affirmed his conviction and sentence, and granted counsel's motion to withdraw.[9]  The court of appeal rejected his excessive sentence claim because the sentence was imposed in accordance with a sentencing agreement, and imposed only the minimum penalty term.  The court declined to review the ineffective assistance of counsel claim.  Crochet did not seek direct review to the Louisiana Supreme Court.

On June 27, 2011, Crochet filed an application for post-conviction relief in the state district court.[10]  In that application, he asserted: (1) La. R.S. 14:60 is unconstitutionally vague;

trial court, represented by their respective attorneys, for entry of guilty pleas and sentencing on January 28, 2008.

[7] Rec. Doc. No. 1, Exhibit 18.

[8] *Id.*, Exhibit 21.

[9] *State v. Crochet*, 2010-387 (La. App. 5th Cir. 2/15/11), 61 So.3d 725.

[10] Rec. Doc. No. 1, Exhibit 24; *see also* State Rec., Vol. 2 of 4, Uniform Application for Post-Conviction Relief dated June 27, 2011.  Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison

(2) his counsel was ineffective in (a) failing to object to the defective bill of information on the charged offense, aggravated burglary; (b) advising him to plead guilty before investigating and discovering that the evidence did not support the charge of aggravated burglary; (c) failing to object to the multiple offender bill of information based on improper identification in the multiple bill and invalidity of the guilty plea to the predicate offense; and (d) committing cumulative errors that rendered petitioner's guilty plea involuntary.[11]   Kevin Boshea subsequently enrolled as counsel for petitioner and filed a supplemental brief with additional argument regarding petitioner's claims.[12]   On January 24, 2012, the state district court denied relief on the merits except as to the ineffective assistance of counsel claim regarding the multiple bill, which it rejected as procedurally barred under Louisiana Code of Criminal Procedure article 930.3.[13]

---

mail system." *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006).  If that date cannot be gleaned from the state court record with respect to the filing, this Court will use the signature date of the applications as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed. In those instances where no signature date appears on a document and no other evidence is available, the Court will look to the file-stamp placed on the document by the clerk of court.  Here petitioner's *pro se* post-conviction relief application bears a signature date of June 27, 2011, a notary signature of June 30, 2011, and a file-stamp date of July 12, 2011.

[11] *Id*.; also at Rec. Doc. No. 1, Exhibit 24, Memorandum in Support of PCR application.

[12] Rec. Doc. No. 1, Exhibit 26.

[13] *Id*., also at Rec. Doc. No. 1, Exhibit 30, District Court Judgment denying post-conviction relief, No. 07-5332 "E" (1/24/12).

Crochet's retained counsel sought supervisory writs to the Louisiana Fifth Circuit Court of Appeal, asserting: (1) La. R.S. 14:60 is unconstitutionally vague; (2) the evidence was not adequate to support the elements of aggravated burglary; and (3) ineffective assistance of trial counsel in failing to object to the multiple offender bill.[14] On April 25, 2012, the court of appeal issued an order denying the first two claims on the merits, and rejecting the third claim as non-cognizable on post-conviction review.[15] Counsel for Crochet filed a writ application to the Louisiana Supreme Court raising the same claims.[16] On November 21, 2012, the Louisiana Supreme Court denied relief without stated reasons.[17]

On May 17, 2013, Crochet's retained counsel filed his federal application for *habeas corpus* relief. In his application, Crochet asserts he received ineffective assistance of counsel because trial counsel: (a) erroneously advised him to enter a plea of guilty to aggravated burglary and (b) erroneously advised him to enter a plea of guilty to the multiple offender bill. Crochet argues that the advice in both instances was based on counsel's inadequate investigation and review of the evidence in this case, which would have shown that there was insufficient evidence to support either an aggravated burglary conviction or second felony

---

[14] Rec. Doc. No. 1, Exhibit 31.

[15] State Rec., Vol. 2 of 4, *State v. Crochet*, 2012-245 (La. App. 5th Cir. 4/25/12).

[16] Rec. Doc. No. 1, Exhibit 32.

[17] State Rec., Vol. 4 of 4, *State v. Crochet*, 2012-1158 (La. 11/21/12), 102 So.3d 52.

offender status.   The State filed a response conceding that the federal application is timely.

The record also demonstrates that the claims were properly exhausted.[18]

## II.      *Standards of Review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively

overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254.[19] Subsections

2254(d)(1) and (2) contain revised standards of review for pure questions of fact, pure

questions of law, and mixed questions of both.  The AEDPA "modified a federal habeas court's

role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and

to ensure that state-court convictions are given effect to the extent possible under law." *Bell*

*v. Cone*, 535 U.S. 685, 693 (2002).

A state court's determination of factual issues is presumed to be correct and a federal

court will give deference to the state court's decision unless it "was based on an unreasonable

---

[18] The State asserts petitioner's first claim is unexhausted; however, the Court finds the substance of that claim was "fairly presented" to all of the state courts in the context of ineffective assistance of counsel in failing to recognize the insufficiency of the evidence when advising petitioner to plead guilty to aggravated burglary.  28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)) .  As evidenced by the reasons for judgment issued by the state district court and the Louisiana Fifth Circuit Court of Appeal, the issue was presented to and addressed by the state courts.  The same issues were briefed to the Louisiana Supreme Court, which denied relief without stated reasons.

[19]  The AEDPA went into effect on April 24, 1996 and applies to *habeas* petitions filed after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir.1998) (*citing Lindh v. Murphy*, 521 U.S. 320 (1997)); *see also, United States v. Sherrod*, 964 F.2d 1501, 1505 (5th Cir.1992)(Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law).

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

A state court's determination of questions of law and mixed questions of law and fact is given deference under 28 U.S.C. § 2254(d)(1), unless the decision "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States, or... involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The "contrary to" and "unreasonable application" clauses have distinct meaning:

> A decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Under § 2254(d)(1)'s "unreasonable application" language, a writ may issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."

*Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001) *(quoting Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)) (citations omitted). " 'A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [a Supreme Court

case] incorrectly.' " *Price v. Vincent*, 538 U.S. 634, 641 (2003) (*quoting Woodford v. Visciotti*, 537 U.S. 19, 24–25 (2002)) (brackets in original); *Bell v. Cone*, 535 U.S. at 699 (2002). Rather, under the "unreasonable application" standard, "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir.2002), *cert. denied, sub nom, Neal v. Epps*, 537 U.S. 1104 (2003).

The burden is on the petitioner to show that the state court applied the precedent to the facts of the case in an objectively unreasonable manner. *Price*, 538 U.S. at 641 (*quoting Woodford*, 537 U.S. at 24–25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir.2006). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 2014 WL 1612424, at *4 (U.S. Apr. 24, 2014) (*quoting Harrington v. Richter*, 562 U.S. --, 131 S.Ct. 770, 786–787, 178 L.Ed.2d 624 (2011).

## III.   *Petitioner's Claims*

### A.   Ineffective assistance of counsel - aggravated burglary guilty plea

Crochet contends that trial counsel rendered ineffective assistance in failing to conduct adequate investigation and review of the evidence in this case before advising him to plead guilty to aggravated burglary when, in fact, the evidence could not have supported a conviction. The Louisiana Fifth Circuit issued the last reasoned decision denying this claim on

8

the merits, stating:

> Relator next claims the evidence was insufficient to convict him of aggravated burglary because no one was present during the commission of the crime and he was not in actual possession of the firearms when apprehended. He contends the guns were "scattered about the room." Since he was not in possession of any firearms, relator contends he should have instead been convicted of burglary of an inhabited dwelling, a violation of La. R.S. 14:62.2. A plea of guilty by its nature admits factual guilt and relieves the State of the necessity to prove it by a contested trial. Therefore, a defendant cannot challenge the sufficiency of the evidence after he pleads guilty. To the extent relator claims he received ineffective assistance of counsel because his trial counsel advised him to plead guilty when the evidence was insufficient, we find relator has failed to prove his counsel's performance was deficient under *Strickland v. Washington*. By his own statement to the police, relator admitted he located the guns in an upstairs bedroom and started grabbing them up.[20]

The Louisiana Supreme Court denied relief without assigning additional reasons.

A guilty plea knowingly, willingly, and voluntarily entered into generally waives all non-jurisdictional defects that occurred prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Hanyard*, 762 F.2d 1226, 1229-30 (5th Cir. 1985). However, a petitioner may raise a claim of ineffective assistance of counsel to the extent that it affected the voluntariness of his plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir.2008) ("once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived," and the waiver "includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the

---

[20] State Rec., Vol. 2 of 4, *State v. Crochet*, 12-245 (La. App. 5th Cir. 4/25/12) (citations omitted).

guilty plea.") (*quoting Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.1983)).  The assistance of counsel received by petitioner is relevant to the question of whether the guilty plea was knowing and intelligent insofar as it affects petitioner's knowledge and understanding.  *See McMann v. Richardson*, 397 U.S. 759, 770–71, 90 S.Ct. 1441, 1448–49, 25 L.Ed.2d 763 (1970).

The two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to claims that counsel was ineffective during plea negotiations. *Lafler v. Cooper*, ––– U.S. ––––, 132 S.Ct. 1376, 1384, 182 L.Ed.2d 398 (2012)(applying *Strickland's* two-part test to federal *habeas* petitioner's claim that counsel was ineffective for advising him to reject a plea offer); *Hill v. Lockhart*, 474 U.S. 52, 48, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (applying *Strickland's* two-part test to guilty plea challenge based on ineffective assistance of counsel).  Under *Strickland*, a petitioner seeking relief must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. at 697 (1984).  A petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir.1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir.2000). If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, *i.e.* deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong. *Strickland*, 466 U.S. at 697.

To prevail on the deficiency prong of the *Strickland* test, a petitioner must demonstrate

10

that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir.2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir.1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (*quoting Strickland*, 466 U.S. at 690). A petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir.1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir.1985).  In a plea situation, a petitioner must show that "the advice he received from [his attorney] during the course of the representation and concerning the guilty plea was not 'within the range of competence demanded of attorneys in criminal cases.' " *Smith v. Estelle*, 711 F.2d at 682 (*quoting Tollett*, 411 U.S. at 266).

To prevail on the prejudice prong of the *Strickland* test, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  In the context of a guilty plea, the "prejudice" requirement hinges on whether counsel's constitutionally defective performance caused the petitioner to plead guilty.  *Hill*, 474 U.S. at 58-59.  In other words, the petitioner must prove "that there is a reasonable probability that, but for counsel's errors, he

would not have pleaded guilty and would have insisted on going to trial." *Id.* "[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).

Because the state courts rejected petitioner's ineffective assistance of counsel claims on the merits and because such claims present a mixed question of law and fact, this Court must defer to the state-court decision unless it was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir.2002). The standard of judicial review applicable to ineffective assistance of counsel claims under §2254(d) is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009); *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011) (reaffirming that "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so."). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

Petitioner claims his guilty plea was the product of ineffective assistance of counsel. In particular, he argues defense counsel conducted inadequate discovery and no independent investigation prior to recommending a guilty plea in this case. He also suggests that counsel could not have adequately consulted with petitioner before he entered the guilty plea. He

12

argues that "January 28, 2008 was the first day [his] counsel could have received discovery, the first day that [his] counsel could have reviewed discovery, the first day [his] counsel was able to speak with [him] about the case."[21]  The record simply does not support petitioner's assertions.

The minute entries contradict petitioner's claim that counsel failed to prepare adequately or consult with him.  Defense counsel was appointed almost three months before trial, on November 5, 2007.  The minute entry of this date also reflects that "defense received discovery."  Trial was set for January 28, 2008.  Crochet next appeared in court for a motion hearing with his appointed counsel on December 13, 2007. The motion hearing was continued and reset for January 14, 2008.  Crochet was not present in court on January 14, 2008, and the motion date was continued and reset for January 28, 2008.  Crochet appeared in court on January 28, 2008 with his appointed attorney and changed his plea to guilty.  The record is clear that defense counsel received discovery on November 5, 2007, and appeared in court with Crochet about one month later for a motion hearing.  Counsel had ample opportunity to review the evidence in this case and to communicate with Crochet before, and also on, January 28, 2008.  Even if counsel only met with Crochet once or twice before he entered his plea, that alone would not suffice to establish ineffective assistance.  *See United States v. Bellinger*, 2010 WL 3364335, at *3-4 (E.D. Pa. Aug. 24, 2010), *citing United States v. Junne*, 458 F.2d 1156,

---

[21] *Id*. at 12.

1157–58 (3d Cir.1972) (denying ineffective assistance claim where attorney was appointed two days before trial and had limited contact with client); *Villot v. Varner*, 465 F.Supp.2d 439, 446–47 (E.D.Pa.2006) (holding counsel was not ineffective where counsel only met with client a few times); *Navarro v. Johnson*, 365 F.Supp. 676, 688 (E.D.Pa.1973) (rejecting ineffective assistance claim where attorney did not meet client until morning of trial and spoke to him for only five minutes).  The amount of time counsel spends with a client before proceedings is not in and of itself conclusive as to whether the client received adequate representation.  *See United States v. Reed*, 756 F.2d 654, 657 (8th Cir.1985) (holding it did not constitute ineffective assistance of counsel where attorney only met with defendant two hours the day before defendant's trial).

Petitioner further contends that even if counsel actually received discovery before January 28, 2008, counsel still did not conduct independent investigation to verify the accuracy of the police report before recommending that petitioner plead guilty to aggravated burglary. He argues counsel should have viewed the physical evidence and the crime scene in this case in order to verify the allegation in the police report that weapons were actually seized, whether they were loaded, and whether the police could actually have viewed petitioner in the place and manner alleged in the police report.  According to petitioner, failure to do so rendered counsel unable to discuss adequately with petitioner possible defenses and challenges, such as insufficient evidence or duress, and the risks and benefits of going forward

14

with the case.[22]

Petitioner fails to show that independent investigation was necessary or that such investigation would have produced relevant evidence and changed the outcome.  The evidence in this case included a police report and petitioner's recorded statement to police.[23] The police report detailed that deputies responding to a residential burglar alarm found that a brick had been thrown through a rear door of the residence and the door forced open.  Deputies saw petitioner in an upstairs bedroom kneeling and peering around the corner of the doorway.  A search of that bedroom revealed four guns, one of which was loaded with five rounds and the hammer was cocked.  All of the guns were within petitioner's reach.  They also found ten live rounds and two folding knives in petitioner's pocket.  Crochet told police that someone held a gun to his head and made him commit the burglary.  However, no other person was found at the scene.  In fact, upon arrival, an officer saw a boy's bike in the driveway of the residence, and it was subsequently confirmed the bike did not belong to the resident.

In petitioner's statement, he admitted breaking into the house to steal guns.  But he claimed he was forced to steal the guns by an adult male acquaintance, who put a gun to petitioner's head and then dropped him off at the house and left.  Petitioner claims the acquaintance forced him to do so, because petitioner owed him money.  Petitioner heard the

---

[22] Rec. Doc. No. 1, Exhibit 2, Memorandum in support, pp. 12-13.

[23] *Id*., Exhibits 28 and 29.

house alarm going off and started grabbing up the guns he found in the bedroom.  He admitted he also found bullets and put them in his pocket.  He also admitted the two knives in his pocket belonged to him.

The evidence against petitioner was significant and compelling.[24]  In fact, petitioner admitted his own guilt in a confession to police after the incident.  Petitioner's argument that counsel's viewing the weapons and the crime scene might have revealed something in order to challenge the veracity of the police report is unsupported and purely speculative.  He points to no objective evidence to support his claim, and there is nothing in the record to indicate the existence of contradictory evidence that would undermine the strength of the case against him.  Petitioner has not shown that plea counsel's performance fell below an objective standard of reasonableness.   The court of appeal properly found that petitioner failed to prove his counsel's advice to plead guilty was deficient based on alleged insufficient evidence in this case.

Furthermore, petitioner has not alleged, much less demonstrated through objective evidence, that counsel's advice regarding the plea was objectively unreasonable and that there

---

[24] La. R.S. 14:60 provides:  Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender: (1) is armed with a dangerous weapon; or (2) after entering arms himself with a dangerous weapon; or (3) commits a battery upon any person while in such place, or in entering or leaving such place. While it must be an inhabited dwelling, a person need not be present in the dwelling at the time of the unauthorized entry.  *State v. Hicks*, 286 So.2d 331, 332 (La. 1973).

was a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial.[25] A conviction for aggravated burglary carries a potential penalty of imprisonment at hard labor ranging from one to thirty years. La. R.S. 14:60. However, as a second felony offender under Louisiana Revised Statute 15:529(A)(1), petitioner would have faced a minimum of fifteen years and a maximum of sixty years imprisonment. The plea agreement also included the additional benefit that his sentence would run concurrent with the four-year sentence imposed when his prior probation was revoked on five burglary counts. Petitioner pled guilty to the absolute minimum sentence he could have received had he been found guilty at trial. A decision to reject the plea and proceed to trial would not have been objectively reasonable under the circumstances.

For the reasons expressed, petitioner cannot show that the state court's decision rejecting his ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

---

[25] Petitioner argues prejudice is presumed under *United States v. Cronic*, 446 U.S. 335 (1980). The Supreme Court has defined narrow exceptions to *Strickland* "where it is appropriate for a court to presume prejudice." *United States v. Cronic*, 466 U.S. 648, 658 (1984). Prejudice may be presumed only where there is a complete denial of counsel or there is a denial of counsel at a critical stage of the litigation; counsel entirely fails to subject the prosecution's case to a meaningful adversarial test; or where the circumstances are such that there is an extremely small likelihood that even a competent attorney could provide effective assistance. *Cronic*, 466 U.S. at 659-60. None of these exceptions apply in this case.

**B.      Ineffective assistance of counsel - multiple offender guilty plea**

Petitioner claims counsel was ineffective in advising him to plead guilty as a second felony offender when the multiple offender bill identified the wrong person in connection with the predicate offense and the predicate guilty plea conviction was deficient.  The State argues this claim is procedurally barred.

As previously set forth, the record shows that the state district court denied petitioner's claim of ineffective assistance in connection with the multiple offender bill because it was not cognizable on post-conviction review.  The court of appeal agreed with the district court's denial on that basis.  La. C.Cr.P. art. 930.3 (prohibiting post-conviction review of sentencing errors, including those during habitual offender proceedings); *State v. Cotton*, 09-2397 (La. 10/15/10), 45 So.3d 1030 (*per curiam*).[26]  The Louisiana Supreme Court denied relief without stated reasons.  *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (holding that when the last state court judgment in a particular series of judgments does not indicate whether it is based on a procedural default or on the merits of a claim, it must be presumed that the court relied upon the same grounds as the last reasoned state court opinion).

Crochet does not argue that Louisiana Code of Criminal Procedure article 930.3 should not be considered an adequate or independent state bar to prevent federal review of this claim.

---

[26] In *Cotton*, the Louisiana Supreme Court applied La. C.Cr. P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La.1996), when it barred a claim of ineffective assistance rendered during multiple bill proceedings. *Cotton*, 45 So.3d at 1030.

Furthermore, it is well-settled that article 930.3 qualifies as an independent and adequate rule to support a procedural bar in federal court. *See, e.g., Hull v. Stalder*, No. 99–31199, 2000 WL 1598016 (5th Cir. Sept.28, 2000); *Johnson v. Cain*, No. 12–0621, 2012 WL 5363327, at *4 (E.D. La. Oct. 30, 2012) (Lemelle, J.) (Article 930.3, *State ex rel. Melinie* and *State v. Cotton* are independent and adequate); *Evans v. Cain*, Civ. Action No. 11–2584, 2012 WL 2565008, at *6–7 (E.D. La. Mar. 14, 2012), *report adopted by*, 2012 WL 2565001, at *1 (E.D. La. Jul. 2, 2012); *Neal v. Kaylo*, Civ. Action No. 01–2211, 2001 WL 1195879 (E.D. La. Oct. 10, 2001) (Duplantier, J.) (Article 930.3 and *Melinie* are independent and adequate); *Leonard v. Hubert*, Civ. Action No. 00–0511, 2001 WL 333123 (E.D. La. Apr. 4, 2001) (Schwartz, J.) (same); *Marshall v. Hubert*, Civ. Action No. 00–0334, 2000 WL 1059820 (E.D. La. July 31, 2000) (Duval, J.) (same); *Ardis v. Cain*, Civ. Action No. 99–1862, 1999 WL 997497 (E.D. La. Oct. 29, 1999) (Berrigan, J.) (same).

Crochet's federal claim is therefore barred under the procedural default doctrine unless he can demonstrate "cause" for the default and prejudice resulting from the default, or show that the federal court's failure to review the defaulted claim will result in a fundamental miscarriage of justice. *Amos v. Scott*, 61 F.3d 333, 339 (5th Cir. 1995)(citations omitted).  To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Objective factors that can constitute cause include interference by officials that makes compliance with the state procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel,

and ineffective assistance of counsel. *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir.1992). The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Murray v. Carrier*, 477 U.S. at 486. "Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir.1996).

Crochet has not offered any cause for the default which would excuse the procedural bar imposed by the Louisiana courts. A review of the record in this case does not support a finding that any factor external to the defense prevented petitioner from raising his claims in a procedurally proper manner. The record also does not reflect any action or inaction on the part of the State that prevented him from doing so. In addition, neither *pro se* status nor ignorance of the law is sufficient cause to excuse a procedural default. *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir.1992).

Finally, Crochet may avoid this procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed. *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (*citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). To establish a fundamental miscarriage of justice, petitioner must provide this Court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *accord Murray v. Carrier*, 477 U.S. at 496; *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997). To satisfy the factual innocence standard, petitioner must establish a fair probability

20

that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. *Campos v. Johnson*, 958 F. Supp. 1180, 1195 (W.D.Tx.1997) (footnote omitted); *Nobles v. Johnson*, 127 F.3d 409, 423 n. 33 (5th Cir. 1997) (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.")

The record in this case fails to support any claim regarding his actual innocence on the underlying conviction.  Thus, Crochet has not established that the failure to entertain his defaulted claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). For these reasons, Crochet has failed to overcome the procedural bar and this claim should be dismissed as procedurally defaulted.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that petitioner's federal *habeas corpus* application be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United*

21

*Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).[27]

New Orleans, Louisiana, this 15th day of _____ May _____, 2014.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[27]  *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

22